**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1551-22

DORETTA CERCIELLO, on
behalf of herself and others
similarly situated,

    Plaintiff-Appellant,

v.

SALERNO DUANE, INC., and
RAYMOND DUANE,

    Defendants-Respondents.

_____

Submitted on February 28, 2024 – Decided March 20, 2024

Before Judges Currier and Vanek.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Docket No. L-1690-17.

Dann Law Firm, PC, and Law Office of David C. Ricci, LLC, attorneys for appellant (Javier Luis Merino, Andrew R. Wolf, and David C. Ricci, on the briefs).

Jardim, Meisner & Susser, PC, attorneys for respondents (Michael V. Gilberti, on the brief).

PER CURIAM

In Cerciello v. Salerno Duane, Inc. (Cerciello I), 473 N.J. Super. 249 (App. Div. 2022), we declined to accept substantially the same arguments being raised by plaintiff Doretta Cerciello in this appeal. Plaintiff argues reconsideration of our prior decision is warranted because our opinion in Largoza v. FKM Real Estate Holdings, Inc., 474 N.J. Super. 61 (App. Div. 2022), mandates that her claims be viewed in a new light. We disagree. Accordingly, we affirm the January 6, 2023 trial court order denying plaintiff's motion for reconsideration of the trial court order denying class certification.

I.

A complete recitation of the facts pertinent to this appeal is detailed in Cerciello I, 473 N.J. Super. at 252-60. We briefly summarize only the facts pertinent to our decision.

On October 8, 2016, plaintiff purchased a used car from defendants Salerno Duane, Inc., a car dealership, and its principal owner, Raymond Duane,[1] after seeing the car listed for sale on the dealership's website for $26,990.

---

[1] Because of the similarities in defendants' names, for clarity of the record and ease of the reader, we refer to Salerno Duane, Inc. as "the dealership" and Raymond Duane as "Duane."

Plaintiff paid $28,855 for the vehicle, in addition to registration and document fees.

At the time of purchase, plaintiff signed a Motor Vehicle Retail Order (MVRO) and Retail Installment Sale Contract (RISC). The MVRO, which plaintiff asserts is the same form that defendants use for all of their transactions, contained the following arbitration provision:

> **AGREEMENT TO ARBITRATE ALL CLAIMS. READ THE FOLLOWING ARBITRATION PROVISION CAREFULLY, IT LIMITS YOUR RIGHTS, AND WAIVES THE RIGHT TO MAINTAIN A COURT ACTION, OR TO PURSUE A CLASS ACTION IN COURT AND IN ARBITRATION.**
>
> . . . Further, the parties understand that they may not pursue any claim, even in arbitration, on behalf of a class or to consolidate their claim with those of other persons or entities. . . . **THIS ARBITRATION PROVISION IS GOVERNED BY THE FEDERAL ARBITRATION ACT. THIS ARBITRATION PROVISION LIMITS YOUR RIGHTS, AND WAIVES THE RIGHT TO MAINTAIN A COURT ACTION OR PURSUE A CLASS ACTION IN COURT OR IN ARBITRATION. PLEASE READ IT CAREFULLY, PRIOR TO SIGNING.**

On January 20, 2017, plaintiff filed an arbitration demand with the American Arbitration Association (AAA) alleging the dealership refused to sell her the vehicle she saw online for the advertised price and, instead, required that

3

she pay thousands of dollars extra in various fees, in violation of the Consumer Fraud Act (CFA), N.J.S.A. 56:8-1 to -227, the Automotive Sales Practices Regulations (ASPR), N.J.A.C. 13:45A-26B.1 to -26B.4, the Motor Vehicle Advertising Practices Regulations (MVAPR), N.J.A.C. 13:45A-26A.1 to -26A.10, and the Truth-in-Consumer Contract, Warranty and Notice Act (TCCWNA), N.J.S.A. 56:12-14 to -18.

In February 2017, AAA sent a letter to the dealership advising the arbitration demand was filed and the dealership was required to pay the arbitration administration fees. The dealership did not pay the required fees, so AAA declined to administer the case and closed its file.

On May 5, 2017, plaintiff filed a putative class action complaint against defendants, alleging violations of the CFA, ASPR, MVAPR, and TCCWNA. On June 19, 2017, defendants filed an answer including sixteen affirmative defenses. Within those defenses, defendants asserted the Law Division lacked subject matter jurisdiction based on the arbitration provision without specific reference to the class action waiver contained within it, though defendants subsequently asserted during a case management conference that plaintiff was precluded under the contract from class action relief.

4

Plaintiff filed a motion for class certification, which the trial court denied on August 13, 2020. In its written decision, the trial court found "[p]laintiff knowingly and voluntarily agreed to proceed only in . . . her own individual capacity and not as a class representative or member in any forum" and, therefore, plaintiff could not represent the class.

On October 1, 2020, plaintiff filed a second motion for class certification. The trial court denied plaintiff's motion and found plaintiff had continued as the class representative despite the August 13, 2020 order setting forth that she could not proceed in that representative capacity. The trial court also found that plaintiff improperly changed the definitions of the proposed classes without obtaining leave to file an amended complaint.

Plaintiff appealed, arguing the trial court erred in finding that she could not be a class representative, as well as contending error in allowing defendants to rely on the arbitration clause in the MVRO as a defense when they failed to pay the arbitration fees. On July 20, 2022, we affirmed, holding "[t]he class action waiver contained in the arbitration agreement was clear and unambiguous." Cerciello, 473 N.J. Super. at 258. We stated:

> [P]laintiff waived her right to pursue any claims she might have against defendants in a class action. Plaintiff was informed the waiver applied whether she brought her claims in an arbitration or before a court.

Therefore, plaintiff was on notice, and agreed, that she could not bring a class action in court. Defendants' inability to compel arbitration does not affect plaintiff's waiver of her right to pursue a class action in court. Because plaintiff was clearly informed of the waiver that applied both in court and arbitration, we are satisfied the class action waiver survives defendants' breach of the agreement and remains applicable to plaintiff's claims.

. . . The court did not err in denying class certification because plaintiff could not serve as a class representative . . . . Without a class representative, the court properly denied class certification.

. . . For the reasons already stated regarding plaintiff's claims, the putative class members were also foreclosed from joining a class and being part of a class action in a court.

. . . [D]efendants asserted the affirmative defense and moved to dismiss the complaint and to compel arbitration soon after plaintiff filed the class action complaint. Defendants did not delay in raising the defense.

[Id. at 258-259.]

Plaintiff sought interlocutory leave to appeal, which the Court denied. Cerciello v. Salerno Duane, Inc., 252 N.J. 184 (2022). On November 21, 2022, we published our opinion in Largoza, 474 N.J. Super. 61. Relying on Largoza, plaintiff then filed a motion seeking reconsideration of the trial court's August 13, 2020 order denying her motion for class certification.

A-1551-22

On January 6, 2023, the trial court denied plaintiff's motion in an oral decision determining <u>Largoza</u> did not materially change the law so as to render its prior decisions in the matter invalid. The trial court ruled that <u>Largoza</u> applied the standard for waiver set forth in <u>Cole v. Jersey City Medical Center</u>, 215 N.J. 265 (2013), and, as the court had already conducted the requisite analysis under <u>Cole</u>, there was no basis to change its decision. This appeal follows.

## II.

Our review of the trial court's denial of plaintiff's motion for reconsideration of the August 13, 2020 order is governed in part by <u>Rule</u> 4:42-2, which provides that an interlocutory order "shall be subject to revision at any time before the entry of final judgment in the sound discretion of the court in the interest of justice." As set forth in <u>Lawson v. Dewar</u>, "Until entry of final judgment, only 'sound discretion' and the 'interest of justice' guides the trial court. . . ." 468 N.J. Super. 128, 134 (App. Div. 2021) (quoting <u>R.</u> 4:42-2).

## III.

On appeal, plaintiff renews her prior arguments and asks that we defer to the long-standing preference to allow class actions in consumer cases. We find no compelling reason to reanalyze plaintiff's arguments in full since we

thoroughly considered them in Cerciello I. See Cerciello I, 473 N.J. Super. at 252-60. Accordingly, we address only plaintiff's newly raised contentions in light of Largoza.

Plaintiff argues that Largoza supports her argument that the trial court did not engage in sufficient analysis when considering plaintiff's motion for class certification. We disagree.

In Largoza, the plaintiffs entered into a contract to purchase property, signing loan and mortgage agreements which included forum selection clauses requiring litigation in a jurisdiction other than New Jersey. 474 N.J. Super. at 68. After the agreements were signed, the plaintiffs alleged the bank improperly valued their assets as part of the loan process. Id. at 68-69. The plaintiffs filed an eighteen-count complaint against the defendants in New Jersey. Id. at 69. The defendants' motion to dismiss was granted on grounds other than the forum selection clause, which was not raised as a basis for the motion. Ibid. After plaintiff filed an amended complaint, the defendants raised the forum selection clause in a letter and then in a motion to dismiss, which was granted. Id. at 71-72.

On appeal, we remanded to the trial court to apply the Cole factors and address why the defendants delayed in raising the forum selection clause as an

affirmative defense. Id. at 86-87. Cole sets forth that "[a]mong other factors, courts should evaluate" the following when determining if an affirmative defense, such as a forum selection or an arbitration clause, has been waived:

> (1) the delay in making the arbitration request; (2) the filing of any motions, particularly dispositive motions, and their outcomes; (3) whether the delay in seeking arbitration was part of the party's litigation strategy; (4) the extent of discovery conducted; (5) whether the party raised the arbitration issue in its pleadings, particularly as an affirmative defense, or provided other notification of its intent to seek arbitration; (6) the proximity of the date on which the party sought arbitration to the date of trial; and (7) the resulting prejudice suffered by the other party, if any. No one factor is dispositive. A court will consider an agreement to arbitrate waived, however, if arbitration is simply asserted in the answer and no other measures are taken to preserve the affirmative defense.
>
> [215 N.J. 280-81.]

Plaintiff argues that under Largoza, the trial court did not engage in a full analysis to determine if defendants, through delay, waived their affirmative defense to the class action based on the arbitration provision. Our opinion in Cerciello I addresses plaintiff's assertion:

> We only briefly address plaintiff's argument that defendants did not timely raise the arbitration agreement as an affirmative defense and therefore waived their right to enforce the agreement. As [the trial court] found, defendants asserted the affirmative defense and moved to dismiss the complaint and to

9

compel arbitration soon after plaintiff filed the class action complaint. Defendants did not delay in raising the defense. See Cole[], 215 N.J. [at] 277-81. . . .

[473 N.J. Super. at 259.]

Plaintiff asserts that the argument warrants revisiting because Largoza had not yet been decided at the time of the prior appeal. However, plaintiff does not posit any viable argument that Largoza set forth new law. Instead, Largoza applied the existing Cole standard to a forum selection clause. We remain convinced that the trial court sufficiently analyzed the Cole factors before entering the August 13, 2020 order denying plaintiff's motion for class certification and the January 6, 2023 order denying plaintiff's motion for reconsideration was not an abuse of discretion. With no newly established law or substantive arguments to consider, the interests of justice do not warrant a different conclusion post-Largoza.

We reject plaintiff's argument the trial court's August 13, 2020 order should be reversed because it was erroneously based on the assumption that defendants asserted the affirmative defense relating to the class action waiver soon after litigation initially began. It is undisputed that defendants filed an answer, only weeks after plaintiff filed the putative class action complaint, with an affirmative defense referencing the arbitration clause which encompassed the

class action waiver. As previously articulated, other actions were thereafter taken by defendants to alert plaintiff to their position that the class action portion of the suit was barred based upon the waiver in the arbitration clause.

To the extent we have not addressed any of plaintiff's remaining arguments, we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION